# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Remanded By Supreme Court October 3, 2000

## STATE OF TENNESSEE v. KHANH V. LE

### Appeal from the Criminal Court for Shelby County
### Nos. 96-01118    W. Fred Axley, Judge

---

### No. W1998-00637-CCA-R3-CD - Filed January 25, 2002
### No. W2001-01615-CCA-RM-CD - Filed January 25, 2002

---

THOMAS T. WOODALL, J., concurring on remand.

Consistent with my conclusion when this case was originally before our court, I concur that it was reversible error for the trial court to not charge the jury with the lesser-included offense of second degree murder. Along with Judge Welles, I disagree with the statement in the lead opinion by Judge Ogle that "a failure to instruct a jury on lesser-included offenses will only be found harmless beyond a reasonable doubt under the circumstances presented" in State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). There may be other circumstances, not presently before our court, where the erroneous failure to charge a lesser-included offense would be harmless error.

However, I write separately in order to distinguish one point, although it may be a matter of form over substance. In Judge Welles' hypothetical described in his concurring opinion, I would conclude that assault should not be charged as a lesser-included offense of aggravated assault because it would not meet the requirement in State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999) that an instruction on a lesser-included offense should be given. Specifically, in the hypothetical described by Judge Welles, I would conclude that evidence did not exist that reasonable minds could accept as to the lesser-included offense. Therefore, I would conclude that where "nullification" can be the only explanation for a jury finding a person guilty of a Burns "part (a)" lesser-included offense, that failure to charge the offense as a lesser-included offense would not be error, and the issue of whether it was harmless error or reversible error would not have to be reached.

---

THOMAS T. WOODALL, JUDGE